```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DENNIS MAURER,<br><br>              Plaintiff,<br><br>    v.<br><br>HMS ASSOCIATES OF NEW JERSEY,<br>A LIMITED PARTNERSHIP<br><br>              Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3560 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    In this action, Plaintiff Dennis Maurer, a New Jersey resident who has multiple sclerosis and is confined to a wheelchair, alleges that Defendant HMS Associates of New Jersey, a Limited Partnership ("HMS Associates") discriminated against him in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq. [Docket Item 1.] Pending before the Court is Defendant's motion to dismiss the Complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Item 4.] Plaintiff opposes this motion. [Docket Item 8.] For the reasons discussed below, the Court will deny Defendant's motion to dismiss. The Court finds as follows:

1.  **Factual and Procedural Background.**[1] Plaintiff resides in Egg Harbor Township, New Jersey, has multiple sclerosis, and uses a wheel chair for mobility. [Docket Item 1 at ¶¶ 1, 6.] Defendant owns, leases, and/or operates the Sav-A-Lot, Family Dollar, Modern Liquors, and Rent-A-Center stores located at 3937-3949 Federal Street in Pennsauken, New Jersey. [Id. at ¶¶ 2, 3, 7, 10.] According to Plaintiff, Defendant has discriminated and continues to discriminate against Plaintiff by "denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility" at these stores, in violation of the ADA and NJLAD. [Id. at ¶ 13.]

2.  Specifically, Plaintiff alleges, inter alia, that he "personally encountered or observed" certain ADA and NJLAD violations at Defendant's property, including: (1) failure to properly maintain parking spaces and curb ramps to access the stores; (2) failure to provide a safe accessible route to the

---

[1] The facts alleged are primarily drawn from the Complaint [Docket Item 1], which the Court must accept as true for purposes of this motion. To the extent Defendant is making a factual attack on Plaintiff's claim of standing, as discussed infra, the Court will also consider Plaintiff's certification filed in support of his opposition. [Ex. A to Docket Item 8.] The Court notes that Defendant did not file reply papers in response to Plaintiff's opposition, nor has Defendant attempted to rebut any facts alleged in Plaintiff's sworn certification pertaining to his standing to sue.

adjacent bus stop, street, or sidewalk; (3) the payment counters are mounted out of reach to individuals in wheelchairs; and (4) the restrooms are unsafe and inaccessible to individuals in wheelchairs.[2] [Id. at ¶ 10.]

3. Plaintiff asks this Court for a declaratory judgment finding that Defendant is in violation of the ADA, injunctive relief against Defendant, including an Order requiring Defendant to comply with the ADA, and an award of attorney's fees, costs, and litigation expenses. [Id. at 7-8.]

4. Defendant timely filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Item 4.] Defendant argues that Plaintiff lacks standing because he resides nearly 60 miles from the subject property and he "has failed to state when he visited the Property, the specific barriers that he encountered as opposed to those that he allegedly 'observed,' what store(s) he visited, the nature of Plaintiff's visit to the Property or that he has tangible plans to visit the Property in the future." [Docket Item 4-1 at 2.] For these reasons, among others, Defendant maintains that the Complaint fails to establish the existence of a "concrete and particularized" injury or a "real and immediate threat" of

---

[2] Plaintiff notes that this is not an exclusive list of Defendant's ADA violations at these buildings and requests an inspection of these locations to determine all of the areas of non-compliance with the ADA. [Docket Item 1 at ¶ 11.]

future injury, and argues that the Court should dismiss Plaintiff's claims with prejudice. [Id. at 4-9.]

5. In response, Plaintiff maintains that the Complaint sets forth an adequate basis to state a plausible claim for relief pursuant to both the ADA and NJLAD. [Docket Item 8 at 11.] For example, the Complaint alleges, among other things, that Plaintiff has visited the subject property on "numerous" occasions and "has encountered architectural barriers" which impede his "access at the shopping center located at 3937-3949 Federal Street . . . [and] have endangered his safety." [Docket Item 1 at ¶¶ 6, 10.] He alleges that these barriers violate the ADA and the NJLAD by preventing him from unloading his van freely and safely [Id. at ¶ 10a], requiring him to navigate unsafe and noncompliant curb ramps [Id. at ¶ 10b], forcing him to travel in the traffic area to get to the curb ramp [Id. at ¶ 10c], and so forth. [Id. ¶¶ 10d, e, f, g, h, i, & j.]

6. Additionally, Plaintiff attached a sworn statement as an exhibit to his opposition papers addressing Defendant's factual attack on his jurisdictional allegations. [Ex. A to Docket Item 8.] In the sworn statement, Plaintiff proffered, inter alia, that he has "been traveling through and shopping and eating in the Pennsauken, NJ and the surrounding areas since 1970," that he "travel[s] regularly throughout New Jersey . . . in regard to [his] commitment to ensure that all public

4

accommodations provide accessible facilities for wheelchair and other mobility-impaired users," and that that he "definitely intend[s] to continue to patronize the subject shipping center, and will be going back there in the near future." [Id. at ¶¶ 6-8, 12.] He patronized this shopping center several times each year at Family Dollar, Sav-a-Lot and Modern Liquors. [Id. at ¶ 10.] He also visited the shopping center on March 28, 2017, as well as in the two-month period prior to his July 4, 2017 sworn statement. [Id. at ¶ 11.]

7. **Standard of Review**. Because standing is a jurisdictional matter, a motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Procedure 12(b)(1). Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). The Third Circuit has identified two types of jurisdictional defects subject to challenge by a Rule 12(b)(1) motion: (1) those that challenge the subject matter jurisdiction as sufficiently pleaded on the face of the complaint (i.e., a facial challenge), and (2) those that attack the existence of subject matter jurisdiction in fact (i.e., a factual challenge). Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001).

8. Here, Defendant's 12(b)(1) motion appears to be both a facial attack on the subject matter jurisdiction of the Court

5

and a factual attack on the substance of the Complaint. On a facial attack, the Court considers only the allegations of the Complaint and documents referenced therein, construing them in the light most favorable to Plaintiff. <u>Pearson v. Chugach Gvt. Svcs. Inc.</u>, 669 F. Supp. 2d 467, 469–70 (D. Del. 2009). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." <u>Mortensen</u>, 549 F.2d at 891.

9. **Discussion**. Defendant's instant motion asserts that the Complaint should be dismissed with prejudice because Plaintiff lacks standing. For the following reasons, the Court will deny the motion to dismiss.

10. Federal courts are courts of limited jurisdiction and may only consider those actions that meet the case-or-controversy requirements of Article III, Section 2 of the U.S. Constitution. Essential to Article III jurisdiction is the doctrine of standing. <u>Friends of the Earth, Inc. v. Laidlaw Envtl Servs. (TOC), Inc.</u>, 528 U.S. 167, 180 (2000). To meet the minimal constitutional mandate for Article III standing a plaintiff must show: (1) an "injury in fact;" (2) "a causal connection between the injury and the conduct complained of;"

and (3) that the injury will "likely" be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). An "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. at 560.

11. Additionally, where, as in the instant case, a plaintiff seeks prospective injunctive relief, he must demonstrate a "real and immediate threat of injury in order to satisfy the injury in fact requirement." Clark v. Burger King Corp., 255 F. Supp. 2d 334, 342 (D.N.J. 2003) (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). Thus, "[i]n order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again [be the victim of the allegedly unconstitutional practice.]'" Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)).

12. These fundamental principles apply with equal force in the context of the ADA and NJLAD.[3] See Venus v. Seville Food,

---

[3] Because "New Jersey courts typically look to federal anti-discrimination law in construing NJLAD," it is appropriate to

LLC, 2017 WL 2364192 (D.N.J. May 31, 2017); W.G. Nichols, Inc. v. Ferguson, 2002 WL 1335118, at *10 (E.D. Pa. June 7, 2002). "ADA standing analysis should focus on whether the plaintiff suffered an actual injury rather than whether the statute was violated by the [d]efendants." Louisiana Counseling & Family Servs. Inc. v. Mt. Fuji Japanese Rest., 2011 WL 3273548, at *4 (D.N.J. July 27, 2011). To that end, courts generally consider four factors in determining whether a Title III plaintiff has alleged a threat of future injury under the ADA that is sufficiently concrete and particularized: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to return." Wittmann v. Island Hosp. Mgmt., 2011 WL 689613, at *5 (D.N.J. Feb. 18, 2011).

13. Here, Plaintiff alleges he is disabled because he has multiple sclerosis and requires a wheelchair for mobility. [Docket Item 1 at ¶ 6.] He further alleges that he "personally encountered or observed" various physical barriers, which he describes in some detail, at the stores located at 3937–3949 Federal Street. [Id. at ¶ 10.] Thus, accepting Plaintiff's

---

apply analysis and principles of the ADA "equally to . . . NJLAD claims." Chisholm v. McManimon, 275 F.3d 315, 324 n.9 (3d Cir. 2001).

allegations as true for purposes of the instant motion, the Court finds Plaintiff has plausibly pled past discrimination at Defendant's property.

14. With respect to future injury, Defendant argues that Plaintiff's allegations regarding his intent to return to the subject property, located nearly 60 miles from Plaintiff's residence, amounts to nothing more than "some day intentions without any description of concrete plans, or even any speculation of when the some day will be." [Docket Item 4-1 at 7-8] (citing Clark, 255 F. Supp. 2d at 342). The Court disagrees.

15. Plaintiff's numerous prior visits to the stores at 3937-3949 Federal Street, alone, would be enough to support a reasonable inference that he is likely to return to Defendant's property. See Clark, 255 F. Supp. 2d at 343 (finding that "past patronage at certain Burger King restaurants supports a reasonable likelihood of future injury at these locations"). But Plaintiff has stated, under penalty of perjury, much more. As noted supra, Plaintiff states that he has "been traveling through and shopping and eating in the Pennsauken, NJ and the surrounding areas since 1970" and that he "regularly go[es] to Philadelphia Racetrack . . . through Pennsauken, NJ as [he] do[es] not like to take the highways." [Ex. A to Docket Item 8 at ¶¶ 6-7.] Plaintiff also "travel[s] regularly throughout New

Jersey . . . in regard to [his] commitment to ensure that all public accommodations provide accessible facilities for wheelchair and other mobility-impaired users." [Id. at ¶ 8.] As noted, he is in the habit of visiting Defendant's Pennsauken shopping center every few months. And Plaintiff proffered that he "definitely intend[s] to continue to patronize the subject shipping center, and will be going back there in the near future." [Id. at ¶ 12.]

16. Based on Plaintiff's continuing pattern of patronage at the stores located at 3937-3949 Federal Street, frequency of travel to the Pennsauken area, and stated intent to return to the subject location, the Court finds that Plaintiff has plausibly pled a real and immediate threat of future injury, notwithstanding that he resides nearly 60 miles from Pennsauken. Thus, Plaintiff has satisfied the injury-in-fact requirement.

17. **Conclusion**. For the foregoing reasons, Plaintiff has standing to assert ADA and NJLAD claims against Defendant with respect to the stores located at 3937-3949 Federal Street. Accordingly, the Court will deny Defendant's motion to dismiss and the accompanying Order will be entered.

| | |
|---|---|
| **February 15, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |